HARDY, Judge.
This is a suit in which plaintiff seeks to recover the sum of $1,500 as professional fees for architectural services alleged to have been rendered for the benefit of defendant under a contract of employment. Alternatively, plaintiff claims the right to recover the same amount on the basis of quantum meruit as the reasonable value of services rendered. Defendant categorically denied the allegations of plaintiff’s petition and additionally alleged’that the agreement with plaintiff was for the performance of services, payment for which was contingent lipón a construction contract for the work contemplated, not exceeding the . sum of $20,000. After trial there was judgment in favor of plaintiff in the sum of $500, from which judgment plaintiff has appealed. Defendant has answered the appeal, praying for the amendment of the judgment and the rejection of plaintiff’s claims, in toto.
Plaintiff is a licensed architect of high professional standing and unquestioned reputation. Defendant is the proprietor of a restaurant business which he operates in leased premises in the City of Shreveport, located at 510 Louisiana Avenue. 1 There is no question as to the initial employment. Defendant, being desirous of remodeling the premises which he occupied, upon receiving advice that the law of this state requires the employment of a licensed engineer or architect with respect to all construction jobs in excess of $10,000, contacted plaintiff, and briefly explained his ideas and wishes in connection with his plans for remodeling and enlarging his place of business. Plaintiff, in consequence of the employment, proceeded to prepare preliminary plans. These plans were submitted to Sandel & Lastrapes, a contracting firm in the City of Shreveport, who, after examination of the plans and an inspection of the premises, made an estimate of the probable cost as $21,500.
It is at this point that there enters into consideration an irreconcilable difference of opinion and understanding as between plaintiff and defendant. The latter strenuously contends that he advised plaintiff that the funds available for the proposed project were limited to $20,000, and in the event the work could not be performed for an amount not exceeding said sum, including plaintiff’s fees, he, defendant, could not proceed with the matter. This contention is vigorously denied by plaintiff, who asserts that defendant did not predicate his employment on the basis of the expenditure of any specified sum, and that, accordingly, he proceeded with the preparation of complete plans and specifications, after which bids were invited from several of the leading contractors in Shreveport.
The bids received, in every instance, far exceeded the figure fixed by defendant, the lowest bid, in the sum of $35,922, being submitted by Sandel & Lastrapes. After conference with the named firm, involving certain changes and scaling down ‘of specifications, a figure of $25,922 was reached. This amount still being substantially in excess of the sum available to plaintiff, the project was abandoned. After the lapse of some two or three months plaintiff rendered defendant a bill. Receiving no reply to the statement rendered, after forwarding another monthly statement of account, plaintiff- called defendant, who advised that *106 he had no intention of paying the bill. Formal demand was made, failing satisfaction of which this suit was instituted.
The agreement alleged by plaintiff required payment for services on the following basis:
A sum equal to 2%% of the estimated cost, payable upon completion of preliminary plans;
An additional sum equal to 5% of the cost computed on the basis of the lowest bid, or on the estimated cost in the event of failure to receive any bids, payable on completion of working drawings and specifications ;
Finally, a sum equal to 2%% of the cost of the work to be paid for supervision during construction.
Since the project was abandoned no claim is made for the last item and plaintiff has chosen to base his demands on the figure of $20,000 rather than consider the actual bids as the ground for computation of any part of the fee. The demand therefore may be broken down into the sum of $500, representing 2%% on $20,000 for the preparation of preliminary plans, and $1,000, representing 5% on the sum of $20,000 for the preparation of complete working drawings and specifications. Under the judgment of the District Court the first item was allowed, but plaintiff’s claims as to the second item were rejected.
In a well reasoned written opinion our learned brother of the District Court made the following pertinent observations, which we regard as succinctly and correctly expressing the crux of the case:
“We do not recognize any issue of veracity here. Mr. Haas is a most reputable architect of the City of Shreveport, in whom this Court has complete confidence. On the other hand we have no reason to question the good faith or truthfulness of Mr. D’Avanzo. We are convinced from the testimony in this case that there was not a “meeting of the minds” between these parties other than for the preliminary plans. It is our opinion that each party was sincere in his individual belief, but that there was a mutual misunderstanding on both sides. Counsel for the plaintiff has cited authorities wherein the courts have held that where the contract of employment is proven in cases of this nature, the burden is on the owner to prove that the cost of the building was to be kept within the limit alleged. If applied in this case it would have the effect of placing the burden of proving the agreement of the $20,000.00 limit on the defendant. However, we are of the opinion that these cases are not applicable for the reason that the fact has been proven to our satisfaction that the employment was entered into as a result of error of fact or misunderstanding by both of the parties involved insofar as the fee of five per cent for the completed specifications and detailed plans or working drawings is concerned. For the same reason we are of the opinion that we could not give the plaintiff judgment for the total amount asked for herein on the basis of quantum meruit.”
Briefly elaborating upon the above statement, we observe that defendant’s conduct, as reflected by the vast preponderance of the testimony in the record, during the negotiations between the parties and the consequent developments, was entirely and thoroughly consistent with his contention. It is equally true that there is nothing in the record which reflects upon plaintiff's sincerity with respect to his claim. However, we think defendant is entitled to prevail, at least with respect to the bulk of plaintiff’s demand, on the ground that plaintiff has not established a definite and certain understanding, a meeting of the minds.
As observed by the District Judge, there is no question as to the sincerity of either party, but, as frequently happens, it is obvious that each was proceeding in accordance with his own view and conception of the understanding and without any certainty as to the mutuality thereof.
With respect to the allowance of the sum of $500 in response to plaintiff’s claim of 2%% for the preparation of preliminary plans, we have no doubt in our minds as to the correctness of this award. This much of plaintiff’s work was certainly performed with defendant’s full knowledge and consent. And, indeed, it was not until after *107 this had been done that the excessive cost of the project became an issue.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.